CHISHOLM *v.* CHISHOLM.

[75 South. 125, Division A.]

DIVORCE. *Setting cause for hearing before statutory period.*

Under section 1676, Code 1906, providing that the proceedings to obtain a divorce shall be conducted as other suits in chancery such cases are governed by section 603 of the Code which provides that an answer shall be taken as true if complainant set the cause for hearing before the expiration of the time allowed for taking testimony, and so where defendant's answer denied all of the allegations of the bill and complaint set down the cause for hearing in less than four months allowed by section 1937

of the Code for taking depositions, defendant was entited either to a decree dismissing the bill or to a continuance of the case, so that he might have the time allowed by the statute for taking depositions.

APPEAL from the chancery court of Wilkinson county. HON. R. W. CUTRER, Chancellor.

Suit by Mary Chisholm against Elliott Chisholm. Motion to dismiss bill overruled and defendant appeals.

Appellee filed a bill in the chancery court praying for a divorce from appellant and for custody of their children. Appellant demurred to the bill, and the court overruled the demurrer, whereupon appellant filed an answer, denying all the allegations of the bill of complaint. On the same day the answer was filed the appellee had the cause set down for hearing upon bill, answer. and oral testimony. Appellant thereupon filed a motion to dismiss the bill because the case was set for hearing before the expiration of the time allowed by law for taking testimony. Section 603 of the Code of 1906 provides:

"If the complainant shall set down the cause for hearing before the expiration of the time allowed for taking testimony, the answer shall be taken as true."

Section 1679 of the Code of 1906 provides.

"In the trial of suits for divorce, witnesses may be summoned, and examined in open court, as in the trial of issues of fact in the circuit court, or depositions may be taken and read as in other cases in chancery courts, and the parties shall be competent witnesses for or against each other."

Section 1676 of the Code of 1906 provides:

"The proceedings to obtain a divorce shall be by bill in chancery, which shall be conducted as other suits in chancery, except that the defendant shall not be required to answer on oath . . . nor shall admissions made in the answer be taken as evidence."

Section 1937 of the Code of 1906 provides:

"After process returned executed, or after the day appointed for the appearance of the defendant, by publication duly published or served, the complainant in chancery may proceed to take his depositions, and the defendant therein may do the like immediately after filing his answer; and depositions may be taken until the hearing of the cause. Four months shall be allowed for taking depositions after answer filed before the cause shall be set down for hearing by the defendant."

*Bramblett & Bramblett,* for appellant.

It is necessary to direct the court's attention to only one question presented by the record in this cause. The appellee having set down this cause for hearing before the expiration of the time allowed for taking testimony, should appellant's answer have been taken as true?

A negative answer sustains the court below, but if this question is to be answered in the affirmative, this case must be reversed and appellee's bill of complaint dismissed. Section 603 of the Code of 1906, unmistakably answers this inquiry which follows:

"When answer to be taken as true. If the complainant shall set down the cause for hearing before the expiration of the time allowed for taking testimony, the answer shall be taken as true."

Appellee will be forced to argue that this being a divorce proceeding in which oral testimony was permitted without notice, section 603 has no application to this case, but a mere reading of the statutes will convince this court that such position is utterly without support and foundation. The law did permit oral testimony without notice in a divorce when such case is tried at the proper time, however the law does not deprive a defendant of his right to take depositions and read the same as in other cases in the chancery court, but affirmatively preserves this right to either the complain-

ant or defendant, to quote section 1679 of the Code of 1906:  .

"Witnesses examined in open court on trial, etc.—In the trial of suits for divorce, witnesses may be summoned, and examined in open court, as in the trial of issues of fact in the circuit court, or depositions may be taken and read as in other cases in chancery courts, and the parties shall be competent witnesses for or against each other.

The same law that gave appellee the right to take oral testimony, gave this appellant the right to take depositions and read the same as in other cases. The fact that oral testimony could have been taken at the instance of either party, does not deprive either party of their inalienable right to take depositions regardless of the desires of the other party. And surely, the privilege conferred with regard to oral testimony does not affect in the least the said section 603, of the Code of 1906. And in order that there might be no question with regard to divorce proceedings, section 1676 of the Code of 1906, provides:

"Proceedings to obtain a divorce. The proceedings to obtain a divorce shall be by bill in chancery, which shall be conducted as other suits in chancery, except that the defendant shall not be required to answer on oath, and the bill is not to be taken as confessed, nor shall admissions made in the answer be taken as evidence; and in all cases the bill must be accompanied with an affidavit of complainant that it is not filed by collusion with the defendant, for the purpose of obtaining a divorce, but that the causes for a divorce stated in the bill are true as stated."

The only possible difference between divorce and other proceedings in chancery are noted in this section, and the sole purpose of these provisions are to deter or diminish as far as possible collusive divorce proceedings. With these precautionary exceptions directed against collusion, proceedings to obtain a divorce "shall

be conducted as other suits in chancery,'' and section 1937 of the Code of 1906 provided:

"When depositions in chancery may be taken generally.—After process returned executed, or after the day appointed for the appearance of the defendant, by publication duly published or served, the complainant in chancery may proceed to take his depositions, and the defendant therein may do the like immediately after filing his answer; and depositions may be taken until the hearing of the cause. Four months shall be allowed for taking depositions after answer filed before the cause shall be set down for hearing by the defendant.''

Appellant having demonstrated beyond all question that his answer should have been taken as true, the question naturally arises, what should be the judgment of the court here? The answer having denied in minute detail every allegation of appellee's bill of complaint and having presented a complete defense, we submit that this case should be reversed and the bill of complaint dismissed.

*Ackland H. Jones,* for appellee.

Appellant rests his entire cause here on one assignment, all others being abandoned—and he therefore admits that the decree on the merits was correct. Can he complain of the action of the court below in overruling his motion?

It is to be noted that his motion is bottomed entirely on section 603, and when that was overruled, he objected and excepted to the ruling because he had "the right to said time allowed by law to take testimony, and to which right defendant then and there insisted upon and claimed.''

There was no claim made in the objection and exception that there was any witness or testimony available to him, or which he could obtain in the four months allowed for taking testimony, nor was there any motion

made to the court for a continuance of the case in order that he might obtain the necessary witnesses and evidence. On the contrary, he introduced his witnesses who were examined orally in open court. Neither at the conclusion of the complainant's evidence, nor at any other time, was any claim of surprise made, nor was any claim made that he had been deprived of any witness, nor that he had any other witness than those appearing.

Even were there merit in his motion and contention, he cannot now successfully assail the ruling. He is in no position to do so, because of the fact that the entire record shows he fully and thoroughly litigated his cause, and this court, looking at the entire case, will see that only justice was done, and that the decree was correct.

However, section 603 has no application to divorce proceedings; they are *sui generis*. Originally, neither the common law court, nor the equity court had jurisdiction of the subject-matter, the ecclesiastical courts alone having any right or power to grant relief. There being no ecclesiastical courts in this country, jurisdiction in divorce proceedings has been by statute in practically all of the states conferred on the courts of equity, and the practice has usually been defined by those statutes. In all of the statutes, however, there is a marked difference between the usual equity practice and that governing divorce cases.

In Mississippi it is now material to examine and notice only a few of the differences. Section 1676 provides that these suits shall be by bill in chancery, which shall be conducted as other suits in chancery, except that the defendant shall not be required to answer on oath, and the bill shall not be taken as confessed, nor shall admission made in the answer be taken as evidence. Here is the first wide departure from chancery practice. The cause of the statute, the fundamental reason for its existence, is the fact that the state itself is a party to each and every divorce suit—not a party complainant

114 Miss.—22

nor a party defendant, but yet a party to protect its own interests, the interests of the public at large, and to support and maintain that foundation upon which the whole frame work of civilized society may be said to rest.

Therefore, the state has said that there shall be no collusion in these matters, that even though the defendant make default in appearance and refuses to contest the cause, yet the complainant must prove by competent evidence the allegations of the bill. That even though contest should be made the answer shall not be evidence; the statute declares that admissions shall not be taken as evidence; the admissions, necessarily, being to the advantage of complainant, and consequently likely to be used collusively, the state has thus safeguarded the interests of the public.

Another, and a most significant departure, is shown by section 1679 regulating the trial of these causes. It provides that in the trial of these causes, witnesses may be summoned and examined, in open court, as in the trial of issues of fact in the circuit court or depositions may be taken and read as in other cases in chancery courts.

When these departures from the chancery practice are considered, and the two code sections 1676 and 1679, are read together, it is evident that the exceptions contained in section 1676 are not the only changes and departures from the general chancery practice cases in which witnesses may be summoned and examined as in the trial of issues of fact in the circuit court cannot be conducted as other cases in chancery courts."

The rule was universal to try all equity causes on depositions. It is, of course, and must remain, universal to the full extent not changed by statute. *Dickerson* v. *Askew,* 82 Miss. 436, 440."

So, then the rules of chancery not providing for oral testimony, and section 1679 actually so providing, di-

vorce cases cases cannot be conducted "as other cases in chancery courts."

The law providing for taking oral testimony in divorce cases, as in the trial of issues of fact in the circuit court, renders section 603 wholly inapplicable. How are issues of fact tried in the circuit court? Section 783.

In all cases, therefore, in the circuit court where process has been executed thirty days prior to the return term, the issue of fact is tried, and it is tried by the testimony of witnesses in open court. The defendant must be ready. True it is that section 1779 provides that deposition may be taken and read as in other cases in chancery court, but this provision only adds to the method of obtaining proof. In the circuit court depositions can only be had in those instances set out in section 1924; in chancery, they are supposed to be taken in all cases. In other words, divorce cases are tried on oral testimony as in the circuit court, but depositions taken according to the chancery practice may be read.

Coming now to the case at bar it will be seen from the record that the demurrers interposed were overruled and the defendant was ordered to answer at that term of the court, page 10 of the record.

The court, manifestly, was of the opinion that these demurrers were interposed merely for delay, and, therefore under section 601 required the answer to be filed at once. The answer was filed and the issue between the parties—and issue of fact—was then joined. Proceeding then under the statute regulating the trial of issues of fact in the circuit court, complainant set down the cause for hearing on bill, answer, and oral proof, on the same day the answer was filed.

Defendant moved for judgment dismissing the case because set down for hearing before the expiration of time allowed for taking testimony, the answer thereby being taken as true and it denying every material alle-

gation of the bill. This motion was overruled, and this action is now the sole question before this court.

In answer to the question raised it is at once seen that the time for taking testimony had then arrived. The issue was joined and the practice of the circuit court controlled. The ordinary and usual course of practice in chancery did not obtain, and the ordinary and usual rules of chancery did not apply. Neither the admissions nor the denials of the answer could be taken as true any more than the averments and allegations in the bill, in case of default could have been so taken—each must be supported by evidence. The complainant being prohibited from depending on the bill alone, so is the defendant prohibited from depending on the answer alone.

When then are divorce cases triable? The uniform practice in this chancery district, and continued for years, has been as observed in the case at bar—surely, positively they are triable just as issues of fact are triable in the circuit court.

SMITH, C. J., delivered the opinion of the court.

Section 1676 of the Code provides that "the proceedings to obtain a divorce . . . shall be conducted as other suits in chancery," so that such cases are governed by section 603 of the Code, and since appellant's answer denied all of the allegations of the bill, he was entitled either to a decree dismissing the bill or to a continuance of the case, so that he might have had the time allowed by statute for taking depositions.

*Reversed and remanded.*